UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RODERICK STRACHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-394-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the United States' Motion to Dismiss or in the Alternative, Motion to Enter Summary Judgment in the government's favor. For the reasons to be discussed below, the United States' Motion will be granted and this action dismissed.

**I.**

On December 8, 2008, Roderick Strachan initiated the instant prisoner *pro se* civil action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, *et seq.* He complained of events occurring during his earlier imprisonment at the United States Penitentiary ("USP")-McCreary, which is in the Eastern District of Kentucky. Plaintiff alleged that while he was incarcerated at the USP-McCreary, on March 11, 2006, a prison official directed another inmate to attack him with an ice pick, causing Plaintiff to suffer injuries. Besides instigating the attack, Strachan claimed that Federal Bureau of Prisons ("BOP") officials also failed to intervene to stop the attack, and that afterwards, additional personnel failed to provide him with adequate medical attention. Therefore, the BOP employees purportedly failed in their statutory duty to protect and safeguard him, a duty arising by virtue of 18 U.S.C. § 4042 and actionable under the

FTCA.

Attachments to the Complaint show that Plaintiff was found guilty of fighting with another inmate on March 11, 2006.  He appealed the conviction and sanctions, including the loss of good conduct time, to no avail.  Strachan has also attached copies of his FTCA administrative claim about the attack and the BOP's July 14, 2008 response denying the claim.  Explaining that there had been an investigation into the fight, the BOP wrote that "it was determined that there was no indication of any negligent act or omission on the part of a Bureau of Prisons' employee."  [Record No. 14, Attach. 3.]

After granting Strachan permission to proceed *in forma pauperis* and screening his Complaint, the Court issued an initial Order.  In it the Court summarized the factual allegations and directed the United States, the sole defendant in an FTCA action, to respond to the Complaint.  The United States responded with the current Motion.

The United States has moved for dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b) and alternatively, for Summary Judgment under Federal Rule of Civil Procedure 56(b).  [Record No. 14.]  As to the facts, the government relies on an attached Declaration of James Huff, the supervisor of Special Investigative Services ("SIS") at USP-McCreary.  He recites his findings in the investigation of the fight, *i.e.*, that there was no evidence that any BOP staff member arranged, knew of, or condoned the actions of the other inmate; that there was no history of animosity between the prisoners; and that an argument had escalated to a spontaneous fistfight.  Huff denies that an ice pick was employed.  Further, a surveillance videotape showed that the two inmates were involved in fisticuffs without weapons.  Additionally, in a separate Declaration, the prison's Medical Director, Dr. Ramirez, describes the inmates' injuries as

minor, consistent with a fistfight, and not requiring any future medical treatment.  Moreover, the medical records show that Plaintiff did not request further medical attention.

As to the law, the Defendant argues that a failure to protect claim is not cognizable under the FTCA because the alleged conduct was intentional, not negligent.  The government points out that the United States has not waived its immunity to suit for intentional acts.  The FTCA covers negligent acts committed within the scope of the federal employee's job, which arranging an assault does not encompass.  Whether the employees' alleged actions were within that scope is determined under State law.  Citing *Flechsig v. United States*,  991 F.2d 300, 302-03 (6th Cir. 1993), the Defendant argues that in a circumstance such as that alleged herein, Kentucky law is clear that an intentional assault of a prisoner, even by the guard himself, is not covered by the FTCA.

The United States argues that the Plaintiff's failure to protect claim should, therefore, be dismissed for lack of subject matter jurisdiction under FTCA precedent.  Next, to the extent that Plaintiff's claim includes a claim for medical negligence, the government argues, Strachan has failed to state a *prima facie* negligence claim under Kentucky law.  Accordingly, the United States claims that it is entitled to Summary Judgment under Rule 56(c).

Strachan submitted a Response after the Court issued an Order advising the *pro se* Plaintiff to respond to the United States' Motion.  With his own affidavit attached, Plaintiff Strachan insists that he was attacked by an inmate wielding an ice pick and suffered puncture injuries which were not accurately reported because the prison medical staff must essentially "play ball" to get along on their jobs.  Plaintiff also faults prison personnel for having a living unit in which there were no officers or manned security cameras.  Rather, prisoners are alleged to

"run amok," while "staff are off having 'intimate relationships with gang members!' Where is the accountability?"  Plaintiff writes,

> To contend that the aforemention (sic) facts do not support the allegation of reckless disregard, deliberate indifference, neligence (sic), on the part of the United States, and it's (sic) employee's (sic) is comparable to saying that inmates are allowed to govern themselves in a high security institution, and can be counted upon to maintain order.

[Record No. 21 at 4.]

Strachan points to 18 U.S.C. § 4042(a) as imposing a duty on the BOP to provide for prisoners' care and safekeeping, including adequate security and protection.  Citing *United States v. Muniz*, 374 U.S. 150 (1963) and more recent cases, the Plaintiff notes that the courts have already ruled that prisoners can sue the United States under the FTCA for injuries suffered as a result of negligence on the part of prison personnel.

## II.

### A.

Defendant's first ground for dismissal is lack of subject matter.  The Court recognizes that a Motion to Dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction.  *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005).  When the Defendant challenges subject matter jurisdiction through a motion to dismiss under Rule 12(b)(1), the Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claim.  *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir. 2000); *Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993).

An alternative ground for dismissal, Federal Rule of Civil Procedure 12(b)(6), provides for a defendant to move for dismissal for a plaintiff's "failure to state a claim upon which relief

4

can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion, a court will

take well pled allegations as true and construe them most favorably toward the non-movant.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should be dismissed pursuant to Fed.

R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are

insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to

relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*,

537 F.2d 857 (6th Cir. 1976).

> Rule 12 continues, in pertinent part, as follows:
>
> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
> presented to and not excluded by the court, the motion must be treated as one for
> summary judgment under Rule 56.  All parties must be given reasonable
> opportunity to present all material that is pertinent to the motion.

Rule 12(d).  Thus, the plain language of the rule requires that if the Rule 12(b)(6) motion has

attachments which the Court considers, such as the declarations herein, then the motion "shall"

be converted into a motion for summary judgment pursuant to Rule 56.  *See Song v. City of*

*Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

In the case *sub judice*, because the Court has, indeed, considered the content of the

several declarations submitted by the parties, as well as other exhibits of the United States, the

Court converts the Motion to one for the alternative relief sought, summary judgment.  *See Soper*

*v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999).

Summary judgment should be granted if the "pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2007). The

evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the

light most favorable to the nonmovant.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim.  *Celotex*, 477 U.S. at 324-25.  After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial.  *Id.*  If the non-moving party completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial.  *Id.* at 322-23.

**B.**

Under traditional principles of sovereign immunity, the United States, as a sovereign, is immune from suit except to the extent that it has waived its immunity.  In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government and confers subject matter jurisdiction on the federal district courts to hear tort actions against the federal government for negligence of its employees.  In relevant part, the

FTCA authorizes suits against the government to recover damages:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA thereby constitutes the United States' limited waiver of sovereign immunity, restricted only to circumstances in which "a private individual [would be liable] under like circumstances," 28 U.S.C. § 2674. It provides the exclusive remedy for tort actions against the federal government, its agencies and employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989). In giving consent to suit in particular circumstances, the FTCA defines the scope of district court jurisdiction to entertain FTCA suits. 28 U.S.C. § 1346(b).

The Plaintiff is correct that in *United States v. Muniz*, 374 U.S. 150, the Supreme Court held that the FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of the negligence of government employees. Additionally, it ruled that "the duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state rule." *Id.* at 165. That statute provides in pertinent part as follows:

> The Bureau of Prisons, under the direction of the Attorney General, shall--
> ....
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise.

18 U.S.C. § 4042(a)(2).

7

Under the teachings of *Muniz*, correctional officials are expected to use ordinary care under § 4042 to protect prisoners from unreasonable risks.  They are not, however, required to provide them with a risk-free environment.  *Fleishour v. United States*, 365 F.2d 126, 128-29 (7th Cir.), *cert. denied*, 385 U.S. 987 (1966); *see also Flechsig v. United States*, 786 F. Supp 646, 649-50, *aff'd on other grounds*, 991 F.2d 300 (6th Cir. 1993) (BOP's duty under § 4042 is not absolute; its duty depends on the reasonableness under the circumstances); *Turner v. Miller*, 679 F. Supp. 441, 443 (M.D. Pa. 1987); *Artis v. Petrovsky*, 638 F. Supp. 51, 53 (W.D. Mo. 1986).

The general rule deduced from cases that have evaluated § 4042's effect on FTCA claims is that the government is not an insurer of a prisoner's safety.  *Cowart v. United States*, 617 F.2d 112, 116 (5th Cir.) (quoting *Jones v. United States*, 534 F.2d 53,54 (5th Cir.), *cert. denied*, 429 U.S. 978 (1976)), *cert. denied*, 449 U.S. 903 (1980).[1]  Another general rule is that liability under the FTCA is determined by the law of the state where the alleged injury occurred.  The Sixth Circuit has written, "As a general rule, domestic liability on the part of the federal government under the Federal Tort Claims Act is determined in accordance with the law of the state where the event giving rise to liability occurred.  28 U.S.C. §§ 1346(b) § 2674; *Friedman v. United States*, 927 F.2d 259, 261 (6th Cir. 1991) . . . ."  *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995).  *See also Arbour v. Jenkins*, 903 F.2d 416, 422 (6th Cir.1990).

## C.

The United States contends that the Court does not have jurisdiction over the instant assault claim because the FTCA covers negligence, not intentional acts.  The government further

---

[1]  In discussing the scope of § 4042, one district court has stated that although the BOP has a general duty to exercise ordinary diligence to keep inmates safe from harm, "that duty does not encompass the notion that every injury, of any degree that befalls a federal prisoner is compensable under the FTCA."  *Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1022-23 (D. Md. 2003).

argues that BOP employees were not acting within the scope of their office or employment in allegedly arranging for the Plaintiff to be caught in an area without guards and beaten by another inmate.

In the case of *Flechsig v. United States*, 786 F. Supp. 646 (E.D. Ky. 1991), *aff'd*, 991 F.2d 300, 303-04 (6th Cir.1993), the Plaintiff was assaulted by a correctional officer escorting her from the federal prison to a medical appointment, in Lexington, Kentucky.  The Sixth Circuit was required to examine whether the prison employee acted within the scope of his employment with the BOP under Kentucky law.

*Flechsig* explained that under Kentucky law, "as a general rule it is not within the scope of a servant's employment to commit an assault upon a third person and the master is not liable for such an assault though committed while the servant was about the master's business."  *Id*. at 303 (quoting *Southeastern Greyhound Lines v. Harden's Adm'x*, 281 Ky. 345, 136 S.W.2d 42, 45 (1940) and *Fournier v. Churchill Downs-Latonia, Inc.*, 292 Ky. 215, 166 S.W.2d 38 (1942)).

As the correctional officer in *Flechsig* was not acting in the scope of his employment by assaulting the prisoner, the Court held that the United States could not be liable.  Consistent therewith, this Court finds that arranging a beating or fight between inmates is not within the scope of a BOP employee's job.  Therefore, such actions are not covered by the FTCA.

This result is also reached alternatively.  Under certain provisions within the FTCA itself, Congress has exempted certain categories of claims from the FTCA waiver of liability, including what is known as the "intentional tort exception."  The relevant statute, 28 U.S.C. § 2680, **Exceptions**, consists of subsections (a)-(n), one of which provides:

The provisions of this chapter and section 1346(b) of this title **shall not apply to**–
. . . .

> **(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights**:  Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.  For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h) (emphasis added).  This exception provides its own exception.  Claims of assault and battery against "investigative or law enforcement officers of the United States Government" *are* covered by the FTCA.  *Id*.  An "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  *McLittle v. United States*, 2005 WL 2436714, *4 (W.D. Tenn., Sept. 29, 2005) (unreported).[2]

However, the exception for imposing liability on law enforcement officers, too, has limits.  In *McKinney v. United States of America*, 2005 WL 2335318 (M.D. Pa. 2005) (not reported), even though the United States conceded that the correctional officer who had assaulted an inmate may be deemed an investigative/law enforcement officer for purposes of Section 2680(h), the plaintiff still could not obtain relief under the FTCA.  The Court found that "although the purported conduct in the present case is outrageous, it did not take place during an arrest, search, or seizure of evidence."  *Id.* at *4.  The same is true herein.

---

[2]  This Court's original disposition of the *Flechsig* case is instructive on the issue the applicability of the "law enforcement officer" exception in the case at bar.  In *Flechsig*, the correctional officer met the definition of "law enforcement officer" under §2680(h).  This Court determined, however, that the assault against that plaintiff did not occur in the course of a search, seizure or arrest, as required by statute.  *Flechsig*, 786 F. Supp at 648.  The Sixth Circuit affirmed this Court's decision in *Flechsig* on other grounds.

10

Additionally, there is another relevant exception within 28 U.S.C. § 2680, at subsection

(a).  It provides that the FTCA shall not apply to:

> **(a)** Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
> . . . .

28 U.S.C.A. § 2680(a).  This exception, commonly called the "discretionary function" exception,

has been employed in other inmate assault cases.

The leading case in this circuit for the discretionary function exception in a prison setting

is *Montez v. Hearlson*, 359 F.3d 392 (6ᵗʰ Cir. 2004), wherein a prisoner had been found beaten to

death in his bed.  No one had seen the assault and no official had knowledge of any specific,

imminent threat made against the victim.  This Court, the Hon. Joseph M. Hood, concluded that

"the decision as to what level of protection within the institution to be afforded [Plaintiff's

decedent] was a discretionary act by Bureau of Prisons officials not subject to the FTCA."  *Id.* at

394.

The Sixth Circuit agreed and affirmed this Court's decision.  In doing so, it first analyzed

the two-pronged discretionary function test as set out in *United States v. Gaubert*, 499 U.S. 315

(1991).  The discretionary function exception applies if there is (1) an element of judgment or

choice involved with the official's duty and (2) that judgment or choice is the kind that the

discretionary function exception was designed to shield.  *Gaubert*, 499 U.S. at 322.

The *Montez* Court held, first, that although 18 U.S.C. § 4042 fixes the duty for protecting

prisoners, it does not prescribe a certain course of action, thereby showing that the BOP's actions

are discretionary.  As to the second prong, the judgment entrusted to the BOP officers was the

kind that the discretionary function exception was designed to shield.  *Montez*, 359 F.3d at 395-

96 (liberally citing to sections of *Gaubert*, 499 U.S. at 322-23).

In *Lyons v. United States*, 2007 WL 4553970 (N.D. Ohio 2007) (not reported) a sister

district court in this circuit was faced with a Plaintiff who also sued for the BOP's alleged

"negligence in providing a safe and secure environment at FCI-Elkton that contributed to a[n] . .

. assault that resulted in head injury, and related to this[,] negligence in classifying and

separation of violent inmates."  *Id*. at *1.

On the government's motion for summary judgment in *Lyons*, the court examined the

FTCA's waiver and exceptions to the waiver in 28 U.S.C. § 2680.  It then found a "significant

limitation" on the waiver of sovereign immunity in the exceptions statute, *i.e.*, the "discretionary

function exception," contained in 28 U.S.C. § 2680(a).  *Lyons*, 2007 WL 4553970 at *2 (citing

*Montez* at 395 and *Carlyle v. United States Dept. of the Army*, 674 F.2d 554, 556 (6th Cir. 1982)).

The *Lyons* Court noted that in failing to mention particular incidents which would show

that there was a specific and immediate threat to him, the Plaintiff had not removed his

allegations for discretionary action by government authorities in those cases over which the court

lacks jurisdiction under the FTCA."  *Id.* at *4 (citing *Rich v. United States*, 119 F.3d 448, 450

(6th Cir. 1997)).  Therefore, "the court in recognition of its own jurisdictional limitations must

dismiss."  *Id*.

As the courts in *Montez* and *Lyons* did, this Court finds that the discretionary function

exception applies here and that it does not have FTCA subject matter jurisdiction over Strachan's

prison security claims.  Also, like *Lyons*, Plaintiff Strachan "appears to include a claim that

prison architecture bore some responsibility for his injury" in a remote location (*Lyons*, at *5).

Other courts have rejected allegations that the BOP was negligent in design or construction of its

facilities.  *See Lyons* at *5 (collecting cases).

There is one more district court opinion in this circuit addressing similar facts.  In

*Cottage v. United States*, 2007 WL 1101245 (N.D. Ohio) (not reported), the prisoner claimed

that the government had negligently failed to protect him from an assault by another inmate.

After losing on a Motion to Dismiss, the United States moved for Summary Judgment, based on

Plaintiff's not providing facts to support his Complaint.  The Court examined the reach of the

FTCA, the discretionary function exception, and *Gaubert*, and then wrote as follows:

> Cottage's claim that the guards were aware of the threat to him is conclusory and
> not supported by anything in the record. Unlike the situation in *Montez,* Cottage
> has not alleged that he was ever previously assaulted. Furthermore, Cottage has
> failed to provide any evidence in support of the allegation that guards were
> monitoring him in person at the time of the assault.[FN2] Also, Cottage has not
> alleged that he warned a guard about the threat. Therefore, there is nothing in the
> record that would support Cottage's allegation that prison guards were aware of
> any threat to him. While decisions by prison guards to ignore specific and
> immediate threats to inmates are unlikely to be grounded in considerations of
> public policy, *id.,* Cottage has failed to show that any guards were aware of any
> threat to him.

*Id.*, 2007 WL 1101245, at *4.  The Court found that both *Gaubert* prongs were "satisfied, and

Cottage's claim must fail for lack of subject matter jurisdiction."  *Id*.

Here, the Court similarly finds that Plaintiff Strachan's submissions to date do not

support his claim factually.  The United States has provided an investigation, administrative

records and medical records which remain uncontroverted.  On the other hand, Plaintiff has

offered no factual support for his broad allegations that the purported assault was arranged by a

guard or that other personnel refused to assist him.  To the contrary, Strachan has criticized

13

officers running "amok" without describing specific actions as to who did what and when and also without linking the complained-of actions of employees to him or his injuries.

Plaintiff has failed to state a claim for imposing liability under the FTCA.  Therefore, dismissal of this "negligent assault" claim for lack of subject matter jurisdiction is appropriate both on the law and on the facts presented.  This conclusion is also consistent with the Supreme Court's instructions about the FTCA.  The Supreme Court has directed that the government's waiver of sovereign immunity is to be strictly construed and all ambiguities are to be resolved in favor of the sovereign.  *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).  "[W]e should not take it upon ourselves to extend the waiver beyond that which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick*, 404 U.S. 111, 117-18 (1979).

Further, in keeping with such policy, the Supreme Court has also instructed that in construing any exceptions to waivers of sovereign immunity, the federal courts must "identify those circumstances which are within the words and reason of the exception--no less and no more." *Kosak v. United States*, 465 U.S. 848, 854  n.9 (1984).  Otherwise, "unduly generous interpretations of the exceptions run the risk of defeating the central purpose of the [FTCA]." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Court will, therefore, dismiss the instant assault claim on this ground.

### D.

The Plaintiff's other claim alleges medical negligence on the part of BOP employees. Under Kentucky negligence law, including medical negligence, the Plaintiff must establish the

14

following elements: (1) a duty of care; (2) breach of that duty; (3) actual injury, and (4) the injury was proximately caused by the negligence. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1997); *Ferguson v. United States Army*, 938 F.2d 55 (6th Cir. 1991) (citing *Deutsch v. Shein*, 597 S.W.2d 141, 143 (Ky. 1980)); *M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740 (Ky. 1975).

Generally, expert testimony is required to show that a medical provider failed to conform to the applicable standard of care and caused the plaintiff's injury. *See Vance by and through Hammons v. United States,* 90 F.3d 1145, 1148 (6th Cir. 1996) (citing *Perkins v. Hausladen,* 828 S.W.2d 652, 655-56 (Ky. 1992)); *Jarboe v. Harking,* 397 S.W.2d 775, 777-78 (Ky. 1965). The expert's opinion must be based "on reasonable medical probability and not speculation or possibility." *Sakler v. Anesthesiology Assocs., P.S.C.,* 50 S.W.3d 210, 213 (Ky. App. 2001).

In this case, the United States has provided a doctor's declaration and documentary medical evidence, which show that Plaintiff suffered, at most, minimal or *de minimus* injuries. Further, the exhibits reveal that soon after discovery of the fight, both inmates were examined by medical staff; they cleaned Plaintiff's skin abrasions and advised him to return if he did not heal as anticipated; and the Plaintiff never returned to the medical department for any additional treatment.

In contrast, the Plaintiff flatly denies that BOP personnel provided the above-described care on the day of the altercation and claims that the medical staff failed to accurately describe his injuries, including puncture marks, in an effort to get along with corrections workers. However, as with the assault claim, he has again provided no factual basis for his claims or any support for his flat assertions that anyone in the medical department would do – and did – such a

thing.

Plaintiff's references to law are also deficient.  After stating that the United States employees had a duty of care arising from 18 U.S.C. § 4042(a), he utterly fails to satisfy the next element of a negligence claim, what an employee did or failed to do which would amount to the "breach" of that duty.  Strachan claims that his injuries were more severe than recorded but provides no evidence going to such a claim.  There is no proximate cause allegation.  Strachan has not alleged the existence of experts who could establish the legal standard of medical care to be provided after a fistfight.  In short, the Plaintiff again fails to provide factual support – or even the promise of factual support – for his purported negligence claim.

When a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of the plaintiff's claim, as in the present case, Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact.  *Celotex Corp.,* 477 U.S. at 324.  Plaintiff Strachan has failed to do so.  He has not satisfied the requisites of a medical negligence claim under Kentucky law or the FTCA.  He has not shown the appropriate standard of care for the circumstances, that the standard was breached by the prison's guards, doctors, nurses, and/or PA's, and that he was thereby directly injured.  The lack of evidence of injury alone is fatal to a plaintiff's state claim of negligent medical care.  *See Capital Holding Corp. v. Bailey,* 873 S.W.2d 187 (Ky. 1994).

Therefore, the United States has shown that there is an absence of evidence to support the medical negligence claim against it (*Celotex Corp. v. Catrett*, 477 U.S. at 324-25); and that Plaintiff has failed to carry his burden in opposition, *i.e.*, to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty*

16

*Lobby, Inc.*, 477 U.S. at 257).  The Plaintiff's broad allegations in his original Complaint and the flat denials in his Response do not defeat the Defendant's Motion for Summary Judgment. *Matsushita*, 475 U.S. at 587.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.*  That is exactly the circumstance in this case.  Consequently, the Defendant is entitled to judgment as a matter of law.  *Anderson v Liberty Lobby, Inc.*, 477 U.S. at 247.

### III.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)   The Defendant's Motion to Dismiss [Record No. 14] the Plaintiff's assault claim is  **GRANTED**, on the ground that this Court lacks subject matter jurisdiction under the FTCA.

(2)   The Defendant's Motion for Entry of Summary Judgment on the Plaintiff's negligent medical care claim [Record No. 14] is **GRANTED**, as there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law.

(3)   This action is **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant United States.

This the 5th day of June, 2009.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**